**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES AMONETTE,** an individual,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.; CENTRAL CREDIT, LLC.; EQUIFAX INFORMATION SERVICES, LLC.; and AT&T SERVICES, INC.**<br><br>　　　　Defendants. | **Case No.:** '16 CV0888 BTM NLS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. Plaintiff, JAMES AMONETTE ("Plaintiff"), brings this lawsuit to challenge the actions of Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), CENTRAL CREDIT, LLC. ("CENTRAL"), EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX"), and AT&T SERVICES, INC. ("AT&T") (collectively as "Defendants"), regarding Defendants' failure to initiate a block of the fraudulent identity theft accounts and Defendant's failure to conduct anything resembling an investigation of Plaintiff's credit disputes as required by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.*

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

6. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

7. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. All correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

**JURISDICTION AND VENUE**

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. Therefore, Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

12. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of occurred within this judicial district.

**PARTIES**

13. Plaintiff, JAMES AMONETTE ("Plaintiff"), is a natural person who resides in the City of La Mesa, County of San Diego, State of California.

14. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is an Ohio corporation with a principle place of business in Costa Mesa, California.

16. EXPERIAN regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports for monetary compensation and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Defendant, CENTRAL CREDIT, LLC. ("CENTRAL"), is Delaware limited liability company with a principle place of business in Las Vegas, Nevada.

18. CENTRAL is "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" as the term is defined in 15 U.SC. § 1681s-2.

19. Defendant, EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX"), is a Georgia limited liability company with a principle place of business in Atlanta, Georgia.

20. EQUIFAX regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports for monetary compensation and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

21. Defendant, AT&T SERVICES, INC. ("AT&T"), is Delaware corporation with a principle place of business in Dallas, Texas.

22. AT&T is "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" as the term is defined in 15 U.SC. § 1681s-2.

## GENERAL FACTUAL ALLEGATIONS

23. Plaintiff is the victim of identity theft. On the night of May 14, 2015, Plaintiff parked his truck in the driveway of his personal residence. While Plaintiff was asleep, an unknown suspect burglarized his vehicle. Plaintiff discovered the burglary the next day and immediately reported the crime to law enforcement at approximately 8:50 a.m. on May 15, 2015. [Police Report, Case No. 15124452, Exhibit 1].

24. The San Diego County Sheriff's Department dispatched Detective Michael Lane to Investigate. Detective Lane Reported a thief "ransacked" Plaintiff's

vehicle and stole his wallet, driver's license, social security card, and five (5) credit and debit cards. [*See* Exhibit 1].

25. On the morning of May 15, 2015, Plaintiff reported the burglary to his credit card companies and his bank, Wells Fargo Bank N.A. When Plaintiff called to notify his bank of the burglary, Plaintiff's bank notified Plaintiff the thief made fraudulent purchases on his accounts.

26. Once Wells Fargo notified Plaintiff of the fraudulent activity, Plaintiff promptly obtained his credit report from EXPERIAN, TRANS UNION and EQUIFAX.

27. Plaintiff's credit reports contained at least seven (7) unauthorized credit grantor inquiries. [Tri Bureau Credit Report, Exhibit 2].

28. Upon discovering the fraudulent credit inquires, Plaintiff notified Defendants he was a victim of identity theft and the credit information Defendants were reporting was inaccurate.

### FACTUAL ALLEGATIONS PERTAINING TO
### EXPERIAN AND CENTRAL

29. On August 11, 2015, Plaintiff sent EXPERIAN a "Notice of Dispute and Request for Reinvestigation, Block and Removal of Impermissible Credit Reporting" with Plaintiff's FTC Identity Theft Report containing a copy of Plaintiff's police report. [Experian Notice of Dispute Letter, Exhibit 3].

30. The Notice of Dispute Letter alerted EXPERIAN that Plaintiff did not authorize "Central Credit LLC" to access his credit report and that said credit inquiry was the product of identity theft.

31. EXPERIAN received Plaintiff's Notice of Dispute Letter on August 14, 2015. [Experian USPS Tracking Confirmation, Exhibit 4].

32. Plaintiff received a letter from EXPERIAN dated August 20, 2015 informing Plaintiff that EXPERIAN placed a fraud alert on Plaintiff's credit report. [Experian Letter, dated August 20, 2015, Exhibit 5].

33.  As of August September 21, 2015, EXPERIAN'S credit report regarding Plaintiff showed "Central Credit LLC" on Plaintiff's credit report. [Excerpt of Plaintiff's Experian Credit Report, Exhibit 6].

34.  The September 21, 2015 EXPERIAN credit report includes the disputed "Central Credit LLC." credit inquiry. Thus, EXPERIAN failed to block Plaintiff's credit report within four (4) days after receiving Plaintiff's Notice of Dispute Letter.

35.  Through this conduct EXPERIAN violated 15 U.S.C. § 1681c-2 by failing to block, within four (4) business days, the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft.

36.  On August 24, 2015 and again on September 1, 2015 EXPERIAN sent Plaintiff letters stating that it had "completed the processing of your disputes(s)." [Excerpts from Experian Letters dated August 24, 2015 and September 1, 2015, Exhibit 7]. The letters makes no reference to the disputed "Central Credit LLC." credit inquiry that was still erroneously displaying on both letters and Plaintiff's EXPERIAN credit report dated September 21, 2015 (Exhibit 6).

37.  To date Plaintiff has received no response from EXPERIAN in regards to this dispute and Plaintiff thereon alleges EXPERIAN failed to respond, take any action, or conduct any investigation as to the disputed "Central Credit LLC." credit inquiry.

38.  Through this conduct, EXPERIAN violated: (i) 15 U.S.C §1681i(a) by failing to conduct a reasonable investigation with respect to a consumer's credit dispute; and (ii) 15 U.S.C. § 1681e(b) by failing to take action to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

///

39. Plaintiff alleges on information and belief that EXPERIAN provided CENTRAL notice of the Plaintiff's dispute regarding the erroneous "Central Credit, LLC." credit inquiry (Exhibit 3) on or before August 19, 2015 pursuant to 15 U.S.C §1681i(a)(2). Additionally, Plaintiff sent CENTRAL a conformed copy of his dispute (Exhibit 3) on August 31, 2015 which was received by CENTRAL on September 4, 2015. [Central USPS Tracking Confirmation, Exhibit 8].

40. On or about September 4, 2015, CENTRAL sent Plaintiff's counsel a letter stating, "Mr. Amonette will have to contact the Cosmopolitan Hotel, if he wishes to dispute an inquiry into his record." [Central Letter Dated September 4, 2015, Exhibit 9]. Plaintiff alleges on information and belief that CENTRAL took no other action in response to Plaintiff's dispute (Exhibit 3) other than sending this letter.

41. CENTRAL furnished information on Plaintiff's credit and it must investigate disputes pertaining to said information.  Through its September 4, 2015 letter, CENTRAL willfully refused to conduct the required investigation under the FCRA.

42. Through this conduct, CENTRAL violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

///

## FACTUAL ALLEGATIONS PERTAINING TO
## EQUIFAX AND AT&T

43. On August 11, 2015, Plaintiff sent EQUIFAX a "Notice of Dispute and Request for Reinvestigation, Block and Removal of Impermissible Credit Reporting" with Plaintiff's FTC Identity Theft Report containing a copy of Plaintiff's police report. [Equifax Notice of Dispute Letter, Exhibit 10].

44. The Notice of Dispute Letter alerted EQUIFAX that Plaintiff did not authorize "AT&T SRVS" to access his credit report and that said credit inquiry was the product of identity theft.

45. EQUIFAX received Plaintiff's Notice of Dispute Letter on August 14, 2015. [Equifax USPS Tracking Confirmation, Exhibit 11].

46. On August 19, 2015, EQUIFAX sent Plaintiff a letter stating that it needed "additional information in order to verify your identification and current address." [Equifax Letter dated August 19, 2015, Exhibit 12]. This letter erroneously claims EQUIFAX needs additional information to process Plaintiff's dispute including Plaintiff's "diver's license" and a "pay stub." Yet, Plaintiff's dispute (Exhibit 9) included these exact documents.

47. Moreover, on August 20, 2015, (the very next day after sending Plaintiff the first letter) EQUIFAX sent Plaintiff another letter stated it had "successfully added an extended fraud alter on your Equifax credit file." [Equifax Letter dated August 20, 2015, Exhibit 13].

48. Neither of the EQUIFAX letters make any reference to the disputed "AT&T SRVS" credit inquiry.

49. Plaintiff obtained his credit report from EQUIFAX on September 9, 2015 and April 4, 2016. [Excerpt from Equifax Credit Report Dated September, 9, 2015, Exhibit 14; Excerpt from Equifax Credit Report Dated April, 4, 2016, Exhibit 15].

///

50. Both EQUIFAX credit reports erroneously contain the disputed AT&T credit inquiry.

51. Through this conduct EQUIFAX violated 15 U.S.C. § 1681c-2 by failing to block, within four (4) business days, the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft.

52. EQUIFAX'S letters (Exhibits 11 and 12) demonstrate EQUIFAX undertook no action in response to Plaintiff's credit dispute other than sending boilerplate correspondence requesting information it had already provided.

53. Through this conduct, EXPERIAN violated: (i) 15 U.S.C §1681i(a) by failing to conduct a reasonable investigation with respect to a consumer's credit dispute; (i) 15 U.S.C §1681i(a)(4) by failing to review and consider all relevant information submitted by the consumer with respect to disputed credit information; and (iii) 15 U.S.C. § 1681e(b) by failing to take action to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

54. Plaintiff alleges on information and belief that EQUIFAX provided AT&T notice of Plaintiff's dispute regarding the erroneous "AT&T SRVS" credit inquiry (Exhibit 9) on or before August 19, 2015 pursuant to 15 U.S.C §1681i(a)(2).

55. Plaintiff alleges on information and belief that AT&T failed to respond in any meaningful way or conduct a reasonable investigation with respect to Plaintiff's credit dispute.

56. Through this conduct, AT&T violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2);

(iii) 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

## FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

### [AGAINST ALL DEFENDANTS]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

59. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

### [AGAINST ALL DEFENDANTS]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

62. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.

///
///
///
///
///

Dated: April 12, 2016                    Respectfully submitted,

                                         **SINNETT LAW, APC.**

                                         BY: /s/ WAYNE A. SINNETT
                                             WAYNE A. SINNETT, ESQ.
                                             ATTORNEY FOR PLAINTIFF


## TRIAL BY JURY

63.   Pursuant to the Seventh Amendment in the Constitution of the United States
      of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: April 12, 2016                    Respectfully submitted,

                                         **SINNETT LAW, APC.**

                                         BY: /s/ WAYNE A. SINNETT
                                             WAYNE A. SINNETT, ESQ.
                                             ATTORNEY FOR PLAINTIFF